IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED

2015 NOV 19  PM 4: 19

| | | |
|---|---|---|
| HENRY R. BROWN, | § | |
| **Petitioner,** | § | |
| | § | |
| v. | § | EP-15-CV-322-DB |
| | § | |
| UNITED STATES OF AMERICA | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

In a petition for a writ of error *coram nobis* under 28 U.S.C. § 1651(a),[1] Petitioner Henry

R. Brown asks the Court to vacate his conviction in cause number EP-95-CR-197-DB-2 for one

count of knowingly or intentionally using a communications facility to distribute cocaine, in

violation of 21 U.S.C. § 843(b).  Brown maintains his "actual innocence" and asserts his counsel

provided constitutionally ineffective assistance.  After reviewing the record and for the reasons

discussed below, the Court concludes that Brown fails to establish his entitlement to relief.

Accordingly, the Court will deny his petition and dismiss his cause with prejudice.

## FACTUAL AND PROCEDURAL HISTORY

On January 17, 1996, a grand jury sitting in the Western District of Texas, El Paso

Division, returned a one-count superceding indictment charging Brown with conspiring to

distribute cocaine, in violation of 21 U.S.C. § 846.  At a status conference four days before his

August 25, 1997, trial date, Brown's attorney claimed that the Government had just provided

him with a copy of a recording of a purported conversation between Brown and an informant.

---

[1] *See* 28 U.S.C. § 1651(a) (West) ("The Supreme Court and all courts established by Act
of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions
and agreeable to the usages and principles of law.").

He added that Brown insisted it was not his voice on the recording.  He maintained that the recording was critical to the Government's case because it allegedly confirmed Brown had initiated a $67,000 cocaine transaction.  Brown's attorney moved the Court to either continue the trial to allow him time to obtain a voice comparison by an expert or exclude the recording as evidence from the trial.

The Government argued that the Court should neither continue the trial nor exclude the taped conversation.  The Government averred that Brown's attorney learned of the tapes on June 18, 1997, when he received the complete transcripts from a co-defendant's trial.  The Government explained that a conversion from microtape to cassette tape caused some delay, but added that Brown's attorney did not pick up the tapes until the week before the scheduled trial. In the end, the Court told Brown that the trial would go ahead as scheduled and overruled Brown's motion to exclude the recording.

On the day of his trial, August 25, 1997, Brown entered into a plea agreement with the Government.  Under its terms, Brown agreed to plead guilty to a one-count information charging him with knowingly or intentionally using a communications facility to facilitate the commission of a felony, in violation of 21 U.S.C. § 843(b).  He also waived, with limited exceptions, his right to appeal or collaterally attack his sentence.  In exchange, the Government agreed to dismiss the indictment and superceding indictment.  The Court accepted the plea and sentenced Brown to forty-eight months of imprisonment followed by one year of non-reporting supervised release. Brown did not appeal.

On October 5, 1998, Brown filed a motion to vacate his sentence under 28 U.S.C. § 2255. In his motion, Brown raised two grounds for relief: (1) his counsel provided constitutionally ineffective assistance when he advised him to plead guilty without first investigating whether

Brown's voice was actually on the informant's recording, and (2) he involuntarily entered his guilty plea because his attorney told him the Government would dismiss all charges against him once an expert excluded him as the person negotiating the cocaine transaction on the informant's recording.

On September 13, 2000, after reviewing the record, the Court denied Brown's § 2255 motion. The Court reasoned that Brown failed to establish that a voice analysis would have changed the outcome in his case. Thus, he could not establish his attorney's alleged omission prejudiced his cause. The Court further reasoned that Brown waived his right to contest his sentence when he entered into the plea agreement with the Government. Thus, he also waived his involuntary plea argument. Brown did not appeal.

In his instant petition, Brown once again claims his counsel provided constitutionally ineffective assistance. He asserts his counsel erred when he advised him to plead guilty to an offense which the Supreme Court later determined was not an offense. Brown concedes "[a]t the time of Brown's conviction, [his] conduct served to establish a violation of Section 843(b). *See e.g., United States v. Phillips*, 664 F.2d 971, 1032 (5th Cir. 1981), *cert. denied*, 457 U.S. 1136, 102 S. Ct. 2965, 73 L. Ed. 2d 1354 (1982)."[2] However, he adds the Supreme Court subsequently held "Section 843(b) to not encompass uses of a telephone to schedule and arrange misdemeanor drug purchases. *Abuelhawa v. United States*, 556 U.S. 816 (2009)."[3]

---

[2] Pet'r's Pet. 3, ECF No. 1.

[3] *Id.* at 3–4.

## LEGAL STANDARD

"The writ of *coram nobis* is an ancient common-law remedy designed 'to correct errors of fact.'"[4] "[T]he authority to grant a writ of *coram nobis* is conferred by the All Writs Act, which permits 'courts established by Act of Congress' to issue 'all writs necessary or appropriate in aid of their respective jurisdictions.'"[5] It provides "an 'extraordinary remedy'. . . to a petitioner no longer in custody who seeks to vacate his conviction in circumstances where 'the petitioner can demonstrate that he is suffering civil disabilities as a consequence of the criminal convictions and that the challenged error is of sufficient magnitude to justify the extraordinary relief.'"[6] "The writ will issue only when no other remedy is available and when 'sound reasons exist[ ] for failure to seek appropriate earlier relief.'"[7] A petitioner seeking *coram nobis* relief must demonstrate (1) there are circumstances compelling the granting of the writ in order to achieve justice, (2) sound reasons exist for the failure to seek appropriate earlier relief, and (3) the petitioner continues to suffer legal consequences from his conviction which may be remedied by granting the writ.[8] "In addition, a petitioner bears the considerable burden of overcoming the presumption that previous judicial proceedings were correct."[9]

---

[4] *United States v. Denedo*, 556 U.S. 904, 910 (2009) (quoting *United States v. Morgan*, 346 U.S. 502, 507 (1954)).

[5] *Id. at* 911 (quoting 28 U.S.C. § 1651(a)).

[6] *United States v. Castro*, 26 F.3d 557, 559 (5th Cir. 1994) (citing *United States v. Morgan*, 346 U.S. 502, 511 (1954) and *United States v. Marcello*, 876 F.2d 1147, 1154 (5th Cir. 1989)).

[7] *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998) (quoting *Morgan*, 346 U.S. at 512 (alteration in original)).

[8] *Foont v. United States*, 93 F.3d 76, 78–79 (2nd Cir. 1996).

[9] *Dyer*, 136 F.3d at 422 (citation omitted).

Ineffective assistance of counsel may provide grounds for *coram nobis* relief.[10]  The standard for establishing an ineffective assistance of counsel claim comes from the two-prong *Strickland* test,[11] which requires a petitioner to show both that his counsel's performance was deficient and that he was prejudiced by the deficient performance.[12]  Under the deficient performance prong, an attorney's performance is evaluated based on "an objective standard of reasonableness under prevailing professional norms."[13]  Under the prejudice prong, a petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[14]  Because a petitioner must prove both deficient performance and prejudice, failure to prove either will be fatal to an ineffective assistance of counsel claim.[15]

## ANALYSIS

In his instant petition, Brown asserts his counsel provided constitutionally ineffective assistance when he advised him to plead guilty to an offense which the Supreme Court later determined was not an offense.  Brown concedes "[a]t the time of Brown's conviction, [his] conduct served to establish a violation of Section 843(b).  *See e.g., United States v. Phillips*, 664 F.2d 971, 1032 (5th Cir. 1981), *cert. denied*, 457 U.S. 1136, 102 S. Ct. 2965, 73 L. Ed. 2d 1354

---

[10] *United States v. Castro*, 26 F.3d 557, 559–60 (5th Cir. 1994).

[11] *Strickland v. Washington*, 466 U.S. 668 (1984).

[12] *United States v. Castro*, 26 F.3d 557, 560 (5th Cir. 1994) (citing *Strickland*, 466 U.S. at 687).

[13] *Id.* (quotations omitted).

[14] *Id.* (quotations omitted).

[15] *Johnson v. Scott*, 68 F.3d 106, 109 (5th Cir. 1995).

(1982)."[16]  He adds, however, that the Supreme Court subsequently held "Section 843 (b) to not encompass uses of a telephone to schedule and arrange misdemeanor drug purchases. *Abuelhawa v. United States*, 556 U.S. 816 (2009)."[17]

"[A] failure of counsel to be aware of prior controlling precedents in even a single prejudicial instance might render counsel's assistance ineffective under the Sixth Amendment."[18] However, "there is no general duty on the part of defense counsel to anticipate changes in the law."[19]  "Clairvoyance is not a required attribute of effective representation.'"[20]  Likewise, counsel is not ineffective for failing to raise a claim that courts in the controlling jurisdiction have repeatedly rejected.[21]  In this case, Brown concedes "[a]t the time of Brown's conviction, [his] conduct served to establish a violation of Section 843(b)."[22]  Thus, Brown cannot show that his counsel's performance was deficient based on an objective standard of reasonableness under prevailing professional norms.

Furthermore, in *Abuelhawa*, the Supreme Court only held that Congress did not intend for § 843(b) to apply to personal use buyers:

---

[16] Pet'r's Pet. 3, ECF No. 1.

[17] *Id*. at 3-4.

[18] *Nelson v. Estelle,* 642 F.2d 903, 908 (5th Cir. Unit A Apr.1981).

[19] *Green v. Johnson,* 116 F.3d 1115, 1125 (5th Cir. 1997) (citing *Nelson,* 642 F.2d at 908); *Morse v. Texas,* 691 F.2d 770, 772 n.2 (5th Cir. 1982).

[20] *Nelson,* 642 F.2d at 908 (quoting *Cooks v. United States,* 461 F.2d 530, 532 (5th Cir. 1972)).

[21] *Green,* 116 F.3d at 1125 (citing *Andrews v. Collins,* 21 F.3d 612, 623 (5th Cir. 1994)).

[22] Pet'r's Pet. 3, ECF No. 1.

> There is no question that Congress intended § 843(b) to impede illicit drug transactions by penalizing the use of communication devices in coordinating illegal drug operations, and no doubt that its purpose will be served regardless of the outcome in this case. But it does not follow that Congress also meant a first-time buyer's phone calls to get two small quantities of drugs for personal use to expose him to punishment 12 times more severe than a purchase by a recidivist offender . . .[23]

Brown, by contrast, was charged with the felony of conspiring to possess with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  He then pleaded guilty, pursuant to a negotiated plea agreement, to an information charging him with the felony of using a phone to facilitate the distribution of cocaine, in violation of 21 U.S.C. § 843(b).  An informant's recording established that Brown initiated the $67,000 cocaine transaction.  Brown clearly was not a first-time buyer of a small quantity of cocaine for his personal use.  The Court, recognizing the serious nature of the offense, sentenced Brown to forty-eight months' imprisonment.  *Abuelhawa* does not render his conduct non-criminal.[24]

## CONCLUSION AND ORDERS

Accordingly, the Court finds Brown is not entitled to the extraordinary remedy of a writ of error *coram nobis*.  The Court, therefore, enters the following orders:

**IT IS ORDERED** that Brown's petition for a writ of error *coram nobis* under 28 U.S.C. § 1651(a) is **DENIED** and his civil cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as moot.

---

[23] *Abuelhawa v. United States*, 556 U.S. 816, 823–24 (2009).

[24] *Cusano v. United States*, 389 F. App'x 143, 145–46 (3d Cir. 2010).

**IT IS ALSO ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED.**

**SIGNED** this ___19___ day of November 2015.

DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE